# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CRIS J. MARKEY,

    Plaintiff,

v.

BANK OF AMERICA, N.A;
RECONTRUST COMPANY N.A.;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; NEVADA LEGAL
NEWS, LLC; and DOES 1 through
100, inclusive,

    Defendants.

Case No. 2:12-cv-00027-LDG-GWF

**ORDER**

       The plaintiff, Cris J. Markey, alleges that the defendants, Bank of America, N.A., ReconTrust Company, N.A., Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., Nevada Legal News, LLC, and Does 1 through 100 inclusive are liable for (1) wrongful foreclosure, and (2) civil conspiracy.  Additionally, Markey requests an action to Quiet Title.  The defendants filed a motion to dismiss (Doc.4).  Markey opposes the motion (Doc.8).  The Court will grant the motion, without prejudice, and grant Markey leave to amend his pleadings.

Statement of Facts

In early August of 2005, Markey entered into a loan agreement with 1st National Lending Services ("1st National") to purchase a home, located in the northwesterly portion of Las Vegas, NV.  The agreement was pursuant to the execution of a Promissory Note and Deed of Trust. 1st National was listed as lender while Mortgage Electronic Registration Systems, Inc. was listed as the nominee for the beneficiary and as the beneficiary, while ReconTrust Company, N.A. ("ReconTrust") was listed as the original Trustee.

Shortly thereafter, through a series of transactions, the mortgage servicing rights were transferred to Countrywide Home Loans, Inc. ("Countrywide"). Later, those rights were again transferred to BAC Home Loans Servicing L.P. (at the time a wholly-owned subsidiary of Bank of America) after Bank of America acquired Countrywide.

In July of 2011, ReconTrust recorded a Notice of Default/Election to Sell Under a Deed of Trust.  Then in November of 2011, ReconTrust recorded a Notice of Trustee's Sale stating ReconTrust's intent to foreclose the property on December 20, 2011, at 10:00 AM.

On December 14, 2011, Markey filed a Notice of *Lis Pendens* as well as a Complaint in state court in Nevada.  His complaint makes many assertions, but alleges the legal claims of wrongful foreclosure, civil conspiracy, and an action to quiet title.  The case was properly removed to this court by defendants, by virtue of 28 U.S.C. §§ 1332, 1441(b), and 1446.  After removal, defendants filed a motion to dismiss.

Motion to Dismiss

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8

does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir. 2007). When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), generally "review is limited to the complaint." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001), (citing *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir.1993)). Nevertheless, the "question is whether the allegations, *together with the attachments to the complaint*, set forth a viable theory." *Rick-Mik Enterprises, Inc. v. Equilon Enterprises, Inc.,* 532 F.3d 963, 967 (9th Cir. 2008) (emphasis added). Yet, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

3

1  alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer

2  more than the mere possibility of misconduct, the complaint has "alleged-but not

3  shown-that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the

4  claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's

5  complaint must be dismissed. *Twombly,* 550 U.S. at 570.  Having said that, the court

6  recognizes that pro se complaints are held to less stringent standards than those drafted

7  by lawyers, *Haines v. Kerner,* 404 U.S. 519 (1972).  *Iqbal* incorporated the pleading

8  standard of *Twombly* but *"Twombly* did not alter the court's treatment of pro se filings;

9  accordingly, [the court will] continue to construe pro se filings liberally when evaluating

10 them under *Iqbal." Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Regardless,

11 sweeping conclusory allegations do not suffice, *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.

12 1988).

13

14 <u>Wrongful Foreclosure</u>

15      Markey claims wrongful foreclosure. "An action for the tort of wrongful foreclosure

16 will lay if the trustor or mortgagor can establish that at the time the power of sale was

17 exercised or the foreclosure occurred, no breach of condition or failure of performance

18 existed on the mortgagor's or trustor's part which would have authorized the foreclosure or

19 exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n,* 662 P.2d 610,

20 623 (Nev. 1983). Under Nevada law, the tort of wrongful foreclosure requires that the

21 power of sale must have been exercised, with a foreclosure occurring.  *Id.* at 623.

22 However, in his complaint, Markey has not alleged that the subject property was in fact

23 sold, but only that he was given a "Notice of Trustee's Sale" on or about November 30,

24 2011.  That Notice, attached to his complaint, does not offer a sufficient basis to infer that

25 the property was sold.  As a result, his claim for wrongful foreclosure is premature and not

26 actionable at this time.

4

1    Additionally, it is a "material issue of fact in a wrongful foreclosure claim [that] the

2    trustor was in default when the power of sale was exercised." *Id.* at 623. Markey's

3    complaint does not allege that he was not in default.  In fact, the only inference that may be

4    drawn from the complaint is that Markey was in default particularly in light of the "Notice of

5    Default" attached to his complaint.  Markey offers no assertions regarding the failure to

6    make any payments since 2008.  Specifically, Markey does not aver that he was current on

7    his mortgage and therefore not in default.

8    Furthermore, the argument that "federal bailout monies, assistance from the Federal

9    Reserve, TARP funds, TALF, as well as the Maiden Lane deals," should have covered his

10    loan is without merit.  This argument has been brought in other courts of the Ninth Circuit to

11    no avail. *E.g., Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1144, 1191 (2009)

12    (stating, "Plaintiff's claim that Bank of America should be estopped from foreclosing on his

13    home because it received TARP funds fails as a matter of law"); *Gardner v. American*

14    *Home Mortgage Servicing, Inc.,* 691 F.Supp.2d 1192, 1203 (2010) (stating, "Plaintiff's

15    allegation that Defendants violated MHAP and TARP by refusing to suspend the

16    foreclosure sale, fails to state a wrongful foreclosure claim"). As a result, Markey has not

17    sufficiently alleged that he was not in default - rendering the wrongful foreclosure claim

18    suitable for dismissal.

19

20    Civil Conspiracy

21    Civil conspiracy requires the existence of an underlying tort. *Flowers v. Carville,* 266

22    F.Supp.2d 1245, 1249 (2003), *see also* C.J.S. CONSPIRACY § 8 (2006).  In addition to

23    attaching to an underlying tort, a proper claim for civil conspiracy must establish the

24    following elements: (1) defendants acted in concert; (2) defendants intended to accomplish

25    an unlawful objective for the purpose of harming plaintiff; and (3) plaintiff sustained

26    damage resulting from the defendants' acts. *See Consol. Generator-Nevada, Inc. v.*

1   *Cummins Engine Co., Inc.,* 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (Nev. 1999);

2   *Jordan v. Nevada,* 121 Nev. 44, 74-75, 110 P.3d 30, 51 (Nev. 2005) (conspiracy requires a

3   "combination of two or more persons who, by some concerted action, intend to accomplish

4   an unlawful objective for the purpose of harming another."), abrogated on other grounds by

5   *Buzz Stew, LLC v. City of North Las Vegas,* 181 P.3d 670 (Nev. 2008). At the heart of a

6   conspiracy claim is the "agreement between the tortfeasors, whether explicit or tacit." *In re*

7   *Koonce,* 262 B.R. 850, 861 (Bankr. D. Nev. 2001). In order to plead an adequate claim of

8   conspiracy to commit a tort, the Plaintiff cannot merely state that a conspiracy exists. *Iqbal,*

9   129 S. Ct. at 1950 ("While legal conclusions can provide the complaint's framework, they

10   must be supported by factual allegations."). Moreover, in civil conspiracy actions, the

11   complaint must allege facts such as a "specific time, place, or person involved in the

12   alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy

13   an idea of where to begin." *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1047 (9th Cir.

14   2008).

15         Markey has not alleged sufficient facts of any illegal agreement among the

16   defendants. "[A] conclusory allegation of agreement at some unidentified point does not

17   supply facts adequate to show illegality . . . . [W]ithout some further factual enhancement it

18   stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,*

19   550 U.S. at 557 (internal quotation omitted); see also *Kendall,* 518 F.3d at 1047-48

20   (affirming dismissal of conspiracy claim because the plaintiffs "pleaded only ultimate facts,

21   such as conspiracy, and legal conclusions . . . [but] failed to plead the necessary

22   evidentiary facts to support those conclusions").  Furthermore, Markey's civil conspiracy

23   claim is lacking because his failure to state an actionable claim for wrongful foreclosure

24   removes the underlying tort that must be attached to a proper claim for civil conspiracy.

25   Since his wrongful foreclosure claim is, at best premature, his civil conspiracy claim is

26   without merit.

1    Quiet Title

2         "A quiet title action requests a judicial determination of all adverse claims to disputed

3    property." 65 Am. Jur. 2d. *Quieting Title and Determination of Adverse Claims* § 1. In

4    Nevada "[a]n action may be brought by any person against another who claims an estate

5    or interest in real property, adverse to him, for the purpose of determining such adverse

6    claim." NEV.REV.STAT § 40.010. The burden of proof in a quiet title action "rests with the

7    plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.,* 112 Nev. 663,

8    669, 918 P.2d 314, 318 (Nev. 1996).

9         Markey has not alleged that he has good title himself.  He states that his loan for the

10   property in this case was secured by a deed of trust but nowhere does he allege that he

11   paid off the loan.  He provides no legal or factual justification for his quiet title claim other

12   than the conclusory allegation that the foreclosure was wrongful, invalid or voidable. The

13   Court therefore finds that his quiet title claim does not rise above a speculative level and is

14   therefore subject to dismissal.

15

16   Leave to Amend

17        If the Court grants a motion to dismiss a complaint, it must then decide whether to

18   grant leave to amend. The Court should "freely give" leave to amend when there is no

19   "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to

20   the opposing party by virtue of ... the amendment, [or] futility of the amendment...."

21   Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

22   (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the

23   complaint cannot be cured by amendment. See *DeSoto v. Yellow Freight Sys., Inc.,* 957

24   F.2d 655, 658 (9th Cir.1992).

25        The Court has doubts that the defects in Markey's Complaint can be cured by

26   amendment. However, considering the generous standards of the Federal Rules, the Court

1  will not preclude amendment of the Complaint. If Markey decides to file an Amended

2  Complaint, he must comply in every respect with the Federal Rules of Civil Procedure and

3  local rules.

4

5        Accordingly,

6        THE COURT **ORDERS** that defendants' Motion to Dismiss (Doc.4) is GRANTED

7  without prejudice.

8        THE COURT FURTHER **ORDERS** that, if the plaintiff chooses to amend his

9  complaint, he must file his amended complaint within 21 days from the date this Order is

10  Entered and Served.

11

12  DATED this ____10____ day of August, 2012.

13

14  _____

15  Lloyd D. George
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26