# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CRIS J. MARKEY,

    Plaintiff,

v.

BANK OF AMERICA, N.A;
RECONTRUST COMPANY N.A.;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; NEVADA LEGAL
NEWS, LLC; and DOES 1 through
100, inclusive,

    Defendants.

Case No. 2:12-cv-00027-LDG-GWF

**ORDER**

The plaintiff, Cris J. Markey, initially brought this suit in state court, alleging claims of wrongful foreclosure and civil conspiracy against the defendants, Bank of America, N.A., ReconTrust Company, N.A., Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nevada Legal News, LLC.  The Court dismissed (#22) that original complaint without prejudice, providing Markey an opportunity to amend his complaint to cure the defects.  Markey filed an Amended Complaint (#24) that, in large part, merely added nine additional claims while eliminating Nevada Legal News as a defendant.  In the Amended Complaint, Markey asserts claims for (1) violation of the Home Ownership Equity Protection Act (HOEPA), 15 U.S.C. §1639 *et seq*., (2) violation of the

1  Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601 *et seq.,* (3) violation of

2  the Truth-in-Lending Act (TILA), 15 U.S.C. §1601 *et seq.,* (4) violation of the Fair Credit

3  Reporting Act (FCRA), 15 U.S.C. §1681(o), (5) fraudulent misrepresentation, (6) breach of

4  fiduciary duty, (7) unjust enrichment, (8) civil conspiracy, (9) civil rico, (10) usury and fraud,

5  (11) wrongful foreclosure, (12) and quiet title.

6          The defendants again move to dismiss (#25), which Markey opposes (#30).  The

7  Court will grant the motion with prejudice as Markey has previously had an opportunity to

8  amend his pleadings but has again failed to allege sufficient facts to state a claim.

9

10  Statement of Facts

11          In early August of 2005, Markey entered into a loan agreement with 1st National

12  Lending Services ("1st National") to purchase a home, located in the northwesterly portion

13  of Las Vegas, NV.  The agreement was pursuant to the execution of a Promissory Note

14  and Deed of Trust.  1st National was listed as lender while Mortgage Electronic

15  Registration Systems, Inc. (MERS) was listed as the nominee for the beneficiary and as the

16  beneficiary, while ReconTrust Company, N.A. ("ReconTrust") was listed as the original

17  Trustee.

18          Shortly thereafter, through a series of transactions, the mortgage servicing rights

19  were transferred to Countrywide Home Loans, Inc. ("Countrywide"). Later, those rights

20  were again transferred to BAC Home Loans Servicing L.P. (at the time a wholly-owned

21  subsidiary of Bank of America) after Bank of America acquired Countrywide.  MERS

22  assigned the Deed of Trust to Bank of America on July 1, 2011.

23          Markey defaulted on his loan on June 1, 2008.  In July of 2011, ReconTrust

24  recorded a Notice of Default/Election to Sell Under a Deed of Trust.  As the property was

25  not owner-occupied, Markey was not eligible to participate in Nevada's Foreclosure

26  Mediation Program.  *See* NRS §107.086.  The Nevada Foreclosure Mediation Program

1  issued a certificate permitting foreclosure on October 11, 2011.  In November of 2011,

2  ReconTrust recorded a Notice of Trustee's Sale stating ReconTrust's intent to foreclose the

3  property on December 20, 2011 at 10:00 AM.

4

5  Motion to Dismiss

6      The court may dismiss a plaintiff's complaint for "failure to state a claim upon which

7  relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a

8  short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

9  CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8

10  does not require detailed factual allegations, it demands "more than labels and

11  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

12  *Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

13  "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550

14  U.S. at 555. In deciding whether the factual allegations state a claim, the court accepts

15  those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on

16  a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams,* 490 U.S. 319,

17  327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the

18  nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th

19  Cir. 2007). When the legal sufficiency of a complaint's allegations is tested by a motion

20  under Rule 12(b)(6), generally "review is limited to the complaint." *Lee v. City of Los*

21  *Angeles,* 250 F.3d 668, 688 (9th Cir. 2001), (citing *Cervantes v. City of San Diego,* 5 F.3d

22  1273, 1274 (9th Cir.1993)). Nevertheless, the "question is whether the allegations, *together*

23  *with the attachments to the complaint*, set forth a viable theory." *Rick-Mik Enterprises, Inc.*

24  *v. Equilon Enterprises, Inc.,* 532 F.3d 963, 967 (9th Cir. 2008) (emphasis added).  Yet, to

25  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

26

1  claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (internal citation

2  omitted).

3        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

4  apply when considering motions to dismiss. First, the Court accepts as true all well-pled

5  factual allegations in the complaint; however, legal conclusions are not entitled to the

6  assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action,

7  supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court

8  considers whether the factual allegations in the complaint allege a plausible claim for relief.

9  *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that

10 allow the court to draw a reasonable inference that the defendant is liable for the alleged

11 misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than

12 the mere possibility of misconduct, the complaint has "alleged-but not shown-that the

13 pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a

14 complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must

15 be dismissed. *Twombly,* 550 U.S. at 570.  Having said that, the court recognizes that pro

16 se complaints are held to less stringent standards than those drafted by lawyers, *Haines v.*

17 *Kerner,* 404 U.S. 519 (1972).  *Iqbal* incorporated the pleading standard of *Twombly* but

18 *"Twombly* did not alter the court's treatment of pro se filings; accordingly, [the court will]

19 continue to construe pro se filings liberally when evaluating them under *Iqbal." Hebbe v.*

20 *Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Regardless, sweeping conclusory allegations do

21 not suffice.  *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988).

22

23 The Common Law Claims

24        As Markey has again alleged claims for wrongful foreclosure, civil conspiracy, and

25 quiet title, the Court will begin by considering whether he has, in his amended complaint,

26 alleged facts sufficient to permit these claims to go forward.

1    <u>Wrongful Foreclosure</u>

2    Markey again claims wrongful foreclosure. "An action for the tort of wrongful

3  foreclosure will lay if the trustor or mortgagor can establish that at the time the power of

4  sale was exercised or the foreclosure occurred, no breach of condition or failure of

5  performance existed on the mortgagor's or trustor's part which would have authorized the

6  foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n,*

7  662 P.2d 610, 623 (Nev. 1983).  Markey's complaint does not allege that he was not in

8  default.  In fact, the only inference that may be drawn from the complaint is that Markey

9  was in default particularly in light of the "Notice of Default" attached to his complaint.

10  Markey offers no assertions regarding the failure to make any payments since 2008.

11  Specifically, Markey does not aver that he was current on his mortgage and therefore not in

12  default.

13    Furthermore, Markey's renewed reliance that his loan was paid off by "cross-

14  collateralization, over collateralization, credit default swaps, insurance guarantees, and

15  government bailout monies" fails for the same reasons as originally set forth by this court.

16  As with his original complaint, Markey has failed to allege facts requisite to maintaining a

17  claim for wrongful foreclosure.  Accordingly, the Court will dismiss this claim with prejudice.

18

19    <u>Civil Conspiracy</u>

20    Civil conspiracy requires the existence of an underlying tort. *Flowers v. Carville,* 266

21  F.Supp.2d 1245, 1249 (2003), *see also* C.J.S. CONSPIRACY § 8 (2006).  In addition to

22  attaching to an underlying tort, a proper claim for civil conspiracy must establish the

23  following elements: (1) defendants acted in concert; (2) defendants intended to accomplish

24  an unlawful objective for the purpose of harming plaintiff; and (3) plaintiff sustained

25  damage resulting from the defendants' acts. *See Consol. Generator-Nevada, Inc. v.*

26  *Cummins Engine Co., Inc.,* 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (Nev. 1999);

1 *Jordan v. Nevada,* 121 Nev. 44, 74-75, 110 P.3d 30, 51 (Nev. 2005) (conspiracy requires a

2 "combination of two or more persons who, by some concerted action, intend to accomplish

3 an unlawful objective for the purpose of harming another."), abrogated on other grounds by

4 *Buzz Stew, LLC v. City of North Las Vegas,* 181 P.3d 670 (Nev. 2008). At the heart of a

5 conspiracy claim is the "agreement between the tortfeasors, whether explicit or tacit." *In re*

6 *Koonce,* 262 B.R. 850, 861 (Bankr. D. Nev. 2001). In order to plead an adequate claim of

7 conspiracy to commit a tort, the Plaintiff cannot merely state that a conspiracy exists. *Iqbal,*

8 129 S. Ct. at 1950 ("While legal conclusions can provide the complaint's framework, they

9 must be supported by factual allegations."). Moreover, in civil conspiracy actions, the

10 complaint must allege facts such as a "specific time, place, or person involved in the

11 alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy

12 an idea of where to begin." *Kendall v. Visa U.S.A., Inc.,* 518 F.3d 1042, 1047 (9th Cir.

13 2008).

14        Markey has not alleged sufficient facts of any illegal agreement among the

15 defendants. "[A] conclusory allegation of agreement at some unidentified point does not

16 supply facts adequate to show illegality . . . . [W]ithout some further factual enhancement it

17 stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,*

18 550 U.S. at 557 (internal quotation omitted); see also *Kendall,* 518 F.3d at 1047-48

19 (affirming dismissal of conspiracy claim because the plaintiffs "pleaded only ultimate facts,

20 such as conspiracy, and legal conclusions . . . [but] failed to plead the necessary

21 evidentiary facts to support those conclusions").  Furthermore, Markey's civil conspiracy

22 claim is lacking because his failure to state an actionable claim for wrongful foreclosure

23 removes the underlying tort that must be attached to a proper claim for civil conspiracy.  As

24 with his original complaint, Markey's renewed claim of civil conspiracy claim is without merit

25 and will be dismissed with prejudice.

26

1       Quiet Title

2       "A quiet title action requests a judicial determination of all adverse claims to disputed

3 property." 65 Am. Jur. 2d. *Quieting Title and Determination of Adverse Claims* § 1. In

4 Nevada "[a]n action may be brought by any person against another who claims an estate

5 or interest in real property, adverse to him, for the purpose of determining such adverse

6 claim." NEV.REV.STAT § 40.010. The burden of proof in a quiet title action "rests with the

7 plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.,* 112 Nev. 663,

8 669, 918 P.2d 314, 318 (Nev. 1996).

9       Markey has not alleged that he has good title himself.  He states that his loan for the

10 property in this case was secured by a deed of trust but nowhere does he allege that he

11 paid off the loan.  He provides no legal or factual justification for his quiet title claim other

12 than the conclusory allegation that the foreclosure was wrongful, invalid or voidable. The

13 Court therefore finds that his quiet title claim does not rise above a speculative level and is

14 therefore subject to dismissal.

15

16       Fraud

17       Claims sounding in fraud must plead "with particularity the circumstances

18 constituting fraud." Fed. R. Civ. Pro. 9(b).  Markey's allegations of fraud do not even begin

19 to approach this heightened standard.  Dismissal of this claim is appropriate.

20

21       Breach of Fiduciary Duty

22       A claim for breach of fiduciary duty requires, at a minimum, an allegation of sufficient

23 facts to permit an inference of a special or fiduciary relationship between the plaintiff and

24 the defendant.  In the present matter, however, the allegations permit only an inference

25 that the plaintiff was not owed a fiduciary duty by any of the defendants.  Dismissal of this

26 claim is appropriate.

1  Unjust Enrichment

2      "An action based on a theory of unjust enrichment is not available when there is an

3  express, written contract, because no agreement can be implied when there is an express

4  agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev.

5  1997).  Markey acknowledges he executed an express contract in connection with the deed

6  of trust and his home loan.  Further, he fails to allege any facts that would support an

7  inference that his monthly payments were for an amount not contemplated by the contract.

8  Accordingly, dismissal of this claim is also appropriate.

9

10  Civil Rico

11      The Ninth Circuit has recognized that the heightened pleading standards applicable

12  to fraud claims under Rule 9(b) apply to a RICO alleging predicate acts of fraud.  *See*

13  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991).

14  Markey's Amended Complaint fails to state the time, place, and specific manner of the

15  asserted false statements or omissions.  Dismissal of this claim is appropriate.

16

17  Usury

18      Markey does not dispute that, in Nevada, parties may agree to any rate of interest

19  and any fees.  *See* NRS §99.50.  Accordingly, dismissal of his usury claim is appropriate.

20

21  Federal Statutory Claims

22      Each of Markey's HOEPA, RESPA, and TILA claims is time-barred to the extent

23  they derive from the closing of Markey's loan in August 2005.  He filed his original

24  complaint in December 2011, long after the expiration of the statute of limitations for any of

25  the federal statutory claims.  Accordingly, dismissal of these claims is appropriate.

26

1    To the extent that Markey's RESPA claim can be liberally construed as asserting a

2  claim that rests upon an allegation that he sent a Qualified Written Request to Bank of

3  America, the claim fails as a matter of law.  The letter Markey alleges is a Qualified Written

4  Request (and which he attached to his complaint as Exhibit 1) does not qualify as a

5  Qualified Written Request.  Accordingly, dismissal of any such claim is appropriate.

6    Markey's FCRA claim fails because his complaint fails to allege, (and he does not

7  dispute that he has not alleged) facts suggesting that the furnisher of credit information

8  received notice of disputed information from a credit reporting agency and failed to comply

9  with its duties.

10

11  Leave to Amend

12    If the Court grants a motion to dismiss a complaint, it must then decide whether to

13  grant leave to amend. The Court should "freely give" leave to amend when there is no

14  "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to

15  the opposing party by virtue of ... the amendment, [or] futility of the amendment...."

16  Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

17  (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the

18  complaint cannot be cured by amendment. See *DeSoto v. Yellow Freight Sys., Inc.,* 957

19  F.2d 655, 658 (9th Cir.1992).

20    The Court previously expressed its doubts that the defects in Markey's original

21  complaint could be cured by amendment. However, in consideration of the generous

22  standards of the Federal Rules, the Court dismissed the original complaint without

23  prejudice to provide Markey an opportunity to cure those defects.  Having reviewed the

24  amended complaint, Markey has removed all doubt and established that he will not be able

25  to allege facts to support his claims.

26

1    Accordingly,

2    THE COURT **ORDERS** that Defendants' Motion to Dismiss Amended Complaint

3    (#25) is GRANTED with prejudice.

4

5    DATED this _____ day of September, 2013.

6

7    _____
     Lloyd D. George
8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10